IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TILLMAN T. HENDERSON,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,[1] and MICHELLE CAPPS,<br><br>Respondents. | 4:19CV3022<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on preliminary review of Petitioner Tillman T. Henderson's Petition for Writ of Habeas Corpus (filing no. 1)[2] brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: Petitioner was denied effective assistance of counsel *because* trial counsel **(1)** failed to raise and argue Petitioner's actual innocence (filing no. 1 at CM/ECF p. 19); **(2)** failed to move to compel DNA and GSR testing (*id*. at CM/ECF pp. 19–20, 47–49); **(3)** failed to interview or call witnesses Joeanna Ball, Deontae Marion, and Timothy Washington to testify (*id*. at CM/ECF pp. 20–23); **(4)** failed to request an instruction on a co-

---

[1] The court has corrected the name of Respondent "Scott Franks" to "Scott Frakes," the director of the Nebraska Department of Correctional Services, in the caption and will direct the clerk of court to update the docket sheet to reflect the correct spelling of Respondent Frakes' name.

[2] The petition was filed on March 20, 2019. On March 21, 2019, the court received the identical "originals" of the petition and directed the clerk of court to file the "originals" as an attachment to the petition. (*See* Filing No. 1-1.)

conspirator rule and its application to hearsay exceptions (*id.* at CM/ECF p. 44); **(5)** failed to object to Ramone Navarez's testimony based on irrelevance until after his testimony was complete (*id.* at CM/ECF pp. 52–53); **(6)** failed to impeach Officer Sarka's testimony, to introduce audio and video evidence from Sarka's cruiser to the jury, and to move to strike the portion of Sarka's testimony "identifying the defendant as the shooter from what someone else told him" (*id.* at CM/ECF pp. 56–57).

Claim Two: Petitioner was denied effective assistance of counsel *because* trial and appellate counsel **(1)** failed to argue *State v. Tompkins* which is based off *U.S. v. Hahn* against the State raising the good faith exception for the first time on appeal (*id.* at CM/ECF pp. 24–25); **(2)** failed to assign error to the trial court's refusal to give a limiting instruction regarding the cell phone text messages (*id.* at CM/ECF p. 28); **(3)** failed to object or assign error to photos of an individual believed to be Jimmy Levering flashing gang signs being shown to the jury (*id.* at CM/ECF pp. 30–31); **(4)** failed to object or assign error to the State showing the jury a photo of a coat worn by Petitioner the night of his arrest and saying the coat had bloodstains on it (*id.* at CM/ECF pp. 60–61); and **(5)** failed to request an attempted manslaughter instruction or assign error to the instruction not being given (*id.* at CM/ECF pp. 64–65).

Claim Three: Petitioner was denied his constitutional right to a fair trial *because* **(1)** the State committed prosecutorial misconduct by its use of the "J-town" text messages (*id.* at CM/ECF pp. 26–27); **(2)** the trial court refused to give

a limiting instruction regarding the cell phone text messages (*id*. at CM/ECF p. 29); **(3)** the trial court denied Petitioner's motion for a mistrial after Detective Nick Herfordt identified a photo found on the cellular phone in Petitioner's possession at the time of his arrest as Jimmy Levering "an infamous gang member" (*id*. at CM/ECF pp. 34–36); **(4)** the trial court erred in admitting the cell phone text messages because such evidence was inadmissible hearsay (*id*. at CM/ECF at pp. 39–40); **(5)** the trial court erred in admitting the cell phone text messages as statements of a co-conspirator (*id*. at CM/ECF pp. 43–44); and **(6)** the trial court failed to instruct the jury on a co-conspirator rule and its application to hearsay exceptions (*id*. at CM/ECF p. 44).

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **June 10, 2019**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 10, 2019**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A. By **June 10, 2019**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial

5

review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 10, 2019**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. The clerk of court is directed to update the docket sheet to change Respondent "Scott Franks" to "Scott Frakes."

Dated this 25th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge