IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TILLMAN T. HENDERSON, | |
|---|---|
| Petitioner, | 4:19CV3022 |
| vs. | |
| SCOTT FRAKES, and MICHELLE CAPPS, | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on various motions filed by Petitioner, which the court will address in turn.

## I. MOTION FOR PERMISSION TO AMEND

Petitioner filed a motion for "an order granting permission to amend" his habeas petition on April 12, 2019, and a duplicate of the same motion on April 18, 2019. (Filing Nos. 4 & 9.) Petitioner states that "[t]here are issues that need to be corrected within the Federal Habeas [petition] filed on 3/20/2019" and asks the court for permission to amend his habeas petition.

Petitioner's request to amend his petition is governed by Rule 15 of the Federal Rules of Civil Procedure. *See* Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Pursuant to Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

In addition, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Petitioner did not file a copy of his proposed amended petition. In addition, his request for leave to amend does not provide the information necessary for the court to consider whether to allow Petitioner to amend his petition. Accordingly, the court will deny Petitioner's motions to amend without prejudice to reassertion.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner also asks that counsel be appointed to represent him in this matter. (Filing No. 5.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an

evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Therefore, Petitioner's motion for the appointment of counsel is denied without prejudice to reassertion.

### III. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a motion for leave to proceed in forma pauperis ("IFP"). ([Filing No. 7](#).) The court's records reflect that the $5.00 filing fee was paid on April 1, 2019. Accordingly, Petitioner's IFP motion is denied as moot.

IT IS THEREFORE ORDERED that:

1. Petitioner's motions to amend (filing nos. [4](#) & [9](#)) and motion for the appointment of counsel ([filing no. 5](#)) are denied without prejudice to reassertion.

2. Petitioner's motion to proceed IFP ([filing no. 7](#)) is denied as moot.

Dated this 25th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge